UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KOREY A. ALWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 3:07-CV-373 WL |
| v. ) | |
| ) | |
| CYNDI MONTGOMERY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Korey A. Alwood , a *pro se* prisoner, filed an amended complaint under 42 U.S.C. §1983. Mr. Alwood alleges that the defendant eye doctor and health care administrator refused him treatment for his glaucoma. He claims the eye doctor did not see him every 90 days and that he needs to see a specialist. Mr. Alwood contends that, without treatment, he will go blind. (DE #17 §III at ¶1) In addition to money damages, Mr. Alwood seeks injunctive relief. (DE # 17, §V) The court stayed this matter pending the filing of an amended complaint. (DE # 12).

Pursuant to 28 U.S.C. §1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under §1915A as when addressing a motion under RULE 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3(quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

The Eighth Amendment's prohibition of cruel and unusual punishment encompasses punishments that involve the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 97

S.Ct. 285, 290, 291 (1976). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters,* 111 F.3d at 1373. Mr. Alwood alleges that he is going blind because of glaucoma. This is a serious medical need.

Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir.

3

1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). Giving Mr. Alwood the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has stated a claim for a denial of medical treatment.

Mr. Alwood's amended complaint shows he is no longer being held at Westville Correctional Facility where the complained of acts allegedly occurred. (DE # 17, §I ¶A(1)-(4)) "If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (quotation marks and citations omitted). Here, there is no indication that Mr. Alwood will ever return to the Westville Correctional Facility, therefore he is limited to monetary damages for his injuries.

For the foregoing reasons, the Court:

(1)  **LIFTS** the stay;

(2) **GRANTS** Korey A. Alwood leave to proceed against Cyndi Montgomery and Dennis Lewton in their individual capacities for monetary damages for denying medical treatment of his glaucoma in violation of the Eighth Amendment;

(3) **DISMISSES** all other claims;

(4) **DIRECTS** the clerk to transmit a summons and USM-285 for each defendant, Cyndi Montgomery and Dennis Lewton, to the United States Marshals Service along with a copy of this order and a copy of the amended complaint (DE #13);

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Cyndi Montgomery and Dennis Lewton; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Cyndi Montgomery and Dennis

Lewton respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: December 7 , 2007

S/William C. Lee
William C. Lee, Judge
United States District Court
